IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ORVILLE & TRUIE MILLER, ) | |
| ) | CASE NO. BK04-83516 |
| Debtor(s). ) | A05-8002 |
| REX FRANK, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| ORVILLE & TRUIE MILLER, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on March 24, 2005, on the following motions:

- the plaintiff's motion for a Rule 2004 examination (Fil. #6) and resistance by the debtors (Fil. #16);

- Gideon Miller's motion to quash or modify subpoena (Fil. #11) and response by the plaintiff (Fil. #19);

- debtors' motion to dismiss this adversary proceeding (treated as a motion for summary judgment) (Fil. #13) and objection by the plaintiff (Fil. #17); and

- First National Bank of Beemer's objection to a subpoena for records (Fil. #15) and response by the plaintiff (Fil. #18).

John Turco appeared for the debtors, C. Jan Headley and James LaGanke appeared for the plaintiff, David Lepant appeared for Gideon Miller, and Brandon Tomjack appeared for First National Bank of Beemer.

This adversary proceeding was brought under 11 U.S.C. § 523(a)(6) to except a debt from discharge, and under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and (a)(5) to deny the discharge of all the debtors' debts. The plaintiff and Mrs. Miller were formerly married to each other. The plaintiff, Mr. Frank, alleges that Mrs. Miller took property and made intentional misrepresentations in

connection with the parties' divorce, and further alleges that the Millers transferred certain assets prior to bankruptcy to hide them from creditors, failed to list all of their assets on their bankruptcy schedules, and failed to list any debt to the plaintiff.

Mr. Frank filed a motion to conduct a Rule 2004 examination of the debtors and issued subpoenas to the First National Bank of Beemer and to Mr. Miller's father. Mr. Frank filed these documents, and the adversary complaint, on his own behalf. Not surprisingly, those to whom the motion and subpoenas were directed objected. In addition, the debtors moved to dismiss the lawsuit based on lack of standing.

At the hearing on these matters, the court determined that the motion to dismiss should be treated as a motion for summary judgment because evidentiary materials were pertinent to the issue of standing. A ruling on that motion is dispositive of the case, so it will be addressed first.

The debtors allege that they owe no debt – disputed, contingent, unliquidated or otherwise – to Mr. Frank, and that Mr. Frank has no standing as a creditor or interested party to bring an action under § 523(a) or § 727(c). In response, Mr. Frank asserts that Mrs. Miller took $10,000 worth of figurines from him at the time of their divorce. He further asserts that she and he are jointly liable to the IRS for more than $100,000 in tax liabilities accruing during the marriage.

Mrs. Miller disputes both allegations, producing evidence that she has been a member of the manufacturer's Precious Moments Club for 24 years and asserting that the figurines in question – which were appraised at $71 – were part of the personal property awarded to her in the divorce. She also disputes that she owes any part of the tax liability, although she listed the debt in her schedules. She relies on the section of the decree of dissolution of marriage which states: "It is ordered that Respondent, Rex E. Frank, will be responsible for 100% for payment of and will hold Petitioner, Truie Larayne Frank, harmless from, any Internal Revenue Service obligation during the community."

Only a creditor of the debtor has standing to pursue a nondischargeable debt under § 523(a)(6). See Solomon v. Jarrett (In re Jarrett), 303 B.R. 816, 821 (Bankr. E.D. Ark. 2003); § 523(c)(1) (". . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed*, . . . the court determines such debt to be excepted from discharge . . . .") (emphasis added). Likewise, pursuant to §

-2-

727(c)(1), "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section."

A "creditor" is an entity having a claim against the debtor that arose at the time of or before the order for relief concerning the debtor. § 101(10)(A). A "claim" is a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or a right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not such right is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. § 101(5).

Mr. Frank filed a proof of claim in the bankruptcy case, although it is a no-asset case. The proof of claim did not indicate the amount of the claim, and Mr. Frank simply attached a copy of this adversary complaint to support the claim.

Despite a number of opportunities to demonstrate to this court that he holds any type of legitimate claim against Mrs. Miller, Mr. Frank has failed to do so. His allegations regarding disputed property ownership and possible tax liability are insufficient to show that a right to payment exists. He has offered only his statement that she took $10,000 of personal property from him, but has not identified even what the property is, let alone that it is worth that amount of money. Nor has he provided any evidence either that Mrs. Miller is liable for any part of the IRS debt or that the IRS has collected tax payments from Mr. Frank which should have been paid by Mrs. Miller.

I find that Mr. Frank is not a creditor of these debtors and therefore does not have standing to pursue either the denial of discharge or the exception of certain debts from discharge in this case. I will dismiss this adversary proceeding, essentially mooting Mr. Frank's discovery requests.

IT IS ORDERED:

1. The debtors' motion to dismiss this adversary proceeding (treated as a motion for summary judgment) (Fil. #13) is granted.

2. The plaintiff's motion for a Rule 2004 examination (Fil. #6) is denied.

3. Gideon Miller's motion to quash or modify subpoena (Fil.

    #11) is granted.

  4. First National Bank of Beemer's objection to a subpoena for records (Fil. #15) is granted.

  DATED: May 9, 2005

              BY THE COURT:

              /s/ Timothy J. Mahoney
              Chief Judge

Notice given by the Court to:
  *John Turco
  *C. Jan Headley
  *James LaGanke
  *David Lepant
  *Brandon Tomjack
  U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.